**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

CARLOS W. MARTINEZ CLAUDIO,

          DEBTOR.

_____

CARLOS W. MARTINEZ CLAUDIO,

          PLAINTIFF,

    v.

REPARTO SAMAN, INC., JOHN DOE
& RICHARD DOE, INSURANCE
COMPANIES X, Y, AND/OR Z;

         DEFENDANTS.

_____

CASE NO. 11-02792 EAG

CHAPTER 13

ADV. PROCEEDING NO. 11-00237

FILED & ENTERED ON 10/25/2012

**OPINION AND ORDER**

On October 31, 2011, debtor Carlos Martinez Claudio ("debtor" or "plaintiff") initiated an

adversary proceeding against creditor Reparto Saman, Inc. ("Reparto Saman" or "defendant") and

several unnamed individuals and insurance companies.[1]  (Adv. Docket No. 1.)  Claiming that

defendant willfully violated the automatic stay by mailing two collection letters to debtor after the

bankruptcy petition had been filed, debtor asserts a cause of action pursuant to 11 U.S.C. § 362(k),

_____

[1] The complaint also names the chapter 13 trustee as a necessary party.  As debtor has taken no steps to amend its complaint or serve any unidentified defendant, the court hereby dismisses all claims against the fictitious parties.  Brown v. New Hanover Twp. Police Dep't, 2008 U.S. Dist. LEXIS 71434, at *16-*18 (E.D. Pa. Sept. 19, 2008) ("[fictitious] parties must be dismissed if discovery does not yield their identity").

seeking actual damages, including attorney's fees, as well as punitive damages.[2] Id. Defendant filed its answer on December 22, 2011. (Adv. Docket No. 11.)

Pending before the court are cross motions for summary judgment brought by debtor and Reparto Saman, filed June 7, 2012 and July 3, 2012, respectively, as well as corresponding oppositions. (Adv. Docket Nos. 27, 28, 32, 38.) For the reasons stated below, the court hereby GRANTS IN PART debtor's motion for summary judgment only as to the issue of liability and DENIES Reparto Saman's motion.

The following facts are uncontested pursuant to Fed. R. Civ. P. 56 and D.P.R. Civ. R. 56, made applicable to these proceedings through Fed. R. Bankr. P. 7056 and P.R. LBR 1001-1(b) and (d), respectively:

On March 31, 2011, debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code and a chapter 13 plan. (Bankr. Docket Nos. 1, 2.) Reparto Saman, which holds a first mortgage over debtor's residence, was listed as a secured creditor on schedule D and was included on the creditor matrix filed with the petition. (Id. at 30, 42.) The court confirmed debtor's plan on June 16, 2011. (Bankr. Docket Nos. 2, 20.) Among other things, debtor's plan provides for payment of the arrears owed to Reparto Saman and states that debtor will otherwise maintain regular monthly payments to the company. (Bankr. Docket No. 2.) Debtor's attorney filed a proof of claim on behalf of Reparto Saman listing $2,520.00 in arrears on July 16, 2011. (Claims Register No. 6-1.)

---

[2] While the complaint states that claims are brought pursuant to § 362(h), this subsection was renumbered as § 362(k) with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

On or around August 4, 2011, debtor received a statement from Reparto Saman entitled

"Reminder." A certified translation of the statement reads:

> As of today, your account is overdue 10 months, at $280.00 per month, for a total of
> $2,800.00. Said amount will bring your account up to date as of the month in course.
> We wish to remind you that your account is NOT ERASED, DOES NOT EXPIRE
> and IS NOT CANCELLED BY TIME.

(Adv. Docket No. 33-1.) Debtor received another statement with the same message on or around

October 4, 2011. Id.

**Summary Judgment Standard**

Pursuant to Rule 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, a court

shall grant summary judgment when the record shows that "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A

dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point

in the favor of the non-moving party. A fact is material if it has the potential of determining the

outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011)

(quoting Rodriguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)). The

party moving for summary judgment bears the burden of showing the absence of a genuine issue of

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party

"can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant

the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56

F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of

proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id.

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

**Legal Analysis**

When a debtor files a bankruptcy petition, he or she is immediately protected by an automatic stay that prohibits, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 362(a)(6). The automatic stay imposes on non-debtor parties an affirmative duty of compliance. Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). Section 362(k) of the Bankruptcy Code provides individuals with a means to redress violations of the stay, stating that "an individual injured by a willful violation of

4

a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, that "a violation of the automatic stay has occurred, that the violation was willfully committed by the [defendant], and that the debtor suffered damage as a result of the violation." In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). As debtor's motion does not address the issue of damages, if debtor establishes that such a willful violation occurred, a separate hearing shall be held at which the parties may present further evidence regarding injury and damages. See Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F.3d 367, 376 (1st Cir. 2011).

In this case, Reparto Saman does not dispute that it was aware that debtor had filed for bankruptcy in March 2011–and remained under the protections of the Bankruptcy Code–when it sent debtor the statements in question in August and October 2011. (Adv. Docket No. 28, 38.) Rather, defendant argues that the statements were not coercive attempts to collect on a debt, instead characterizing them as "informational balance statements." (Adv. Docket No. 28 at 1-3.) In support of its position, debtor points to the fact that the statements do not explicitly threaten legal action against debtor in the event of non-payment, nor do they give debtor a deadline to pay the amount owed. (Adv. Docket No. 28 at 2.) Nevertheless, the court disagrees with defendant's characterization.

As defendant asserts, while the prohibition in Section 362(a)(6) is very broad, not all communications by a creditor to a debtor are barred by the automatic stay.  See, e.g., In re Duke, 79 F.3d 43, 46 (7th Cir. 1996) (creditor's letter proposing reaffirmation agreement did not violate the automatic stay, as such agreements, by their nature, require communication between the parties). A debtor often requires specific information in account statements to determine what a creditor is owed or notifications from mortgage holders concerning increases in property taxes or insurance. Connor v. Countrywide Bank, N.A. (In re Connor), 366 B.R. 133, 137-38 (Bankr. D. Haw. 2007). Indeed, some courts have held that "a mere request for payment" does not violate the stay unless it is coercive or harassing.  See Knowles v. Bayview Loan Servicing, LLC (In re Knowles), 442 B.R. 150, 160-61  (B.A.P. 1st Cir. 2011) (creditor did not violate the stay by sending payoff statements to debtor–at debtor's request–where statement was clear that debtor was under no obligation to make any additional mortgage payments and that the "total amount due" was included only as an option if debtor chose to pay off the loan in full.).

On the other hand, courts have also found that the sending of "informational" statements to debtors listing pre-petition arrears is coercive where the information is not needed or requested by the debtor. See In re Draper, 237 B.R. 502, 506 (Bankr. M.D. Fla. 1999) (sending Chapter 13 debtor an "informational statement" that included a payment coupon requesting voluntary payments outside the bankruptcy process violated the stay because "[t]he only credible reason to send such invoices on a monthly basis is to try to collect payments from debtors protected by the automatic stay"); Sipe v. Conseco Finance Servicing Corp. (In re Sipe), 2001 Bankr. LEXIS 2199, at *11-*15 (Bankr. W.D.N.C. July 18, 2001) (concluding that  mortgage holder violated stay by sending billing statements to debtor with a confirmed chapter 13 plan in which the mortgage was to be paid through

6

the plan).  As one court put it succinctly, whether statements sent to a debtor violate the stay "depends on whether the debtor needed the information contained in the statements when the statements were sent." Connor, 366 B.R. at 136.

In this case, at the time defendant sent debtor the two statements listing the amount of pre-petition arrears, that information was no longer necessary for the furtherance of debtor's bankruptcy case.  Nor did debtor request the statements.  Prior to August 2011, when the first statement was sent, the court had already confirmed debtor's chapter 13 plan that provided for the payment of arrears to Reparto Saman through the plan as well as continuing monthly payments to the creditor. (Adv. Docket Nos. 2, 20.)  Furthermore, debtor's attorney had already filed a proof of claim on behalf of Reparto Saman stating the amount owed.  (Claims Register No. 6-1). Under those circumstances, the sending of the statements served no legitimate bankruptcy purpose: debtor would simply need to continue making monthly plan payments for the 60-month duration of the plan in order to pay off the amounts owed.  It follows then that the statements were simply an attempt to seek payment outside the terms of the confirmed plan.  Cousins v. CitiFinancial Mortg. Co. (In re Cousins), 404 B.R. 281, 289 (Bankr. S.D. Ohio 2009) ("A continued request for payment by a creditor being paid by the trustee through a confirmed chapter 13 plan is clearly an attempt at collection of a pre[-]petition debt outside the process authorized by the Bankruptcy Code.").  If Reparto Saman wished to dispute the amount of pre-petition arrears, it could have done so by following the proper channels provided for by the Bankruptcy Code, not by directly communicating with debtor.  See Fed. R. Bankr. P. 3007.

The language of the statements further reflects their coercive nature.  The mailings state that the debtor's account is "overdue" in the amount of $2,800.00, and end with the warning that "your

account is NOT ERASED, DOES NOT EXPIRE and IS NOT CANCELLED BY TIME." (Adv. Docket No. 33-1.) While they do not give a specific date by which payment must be received or overtly threaten legal action if payment is not timely made, the clear implication is that the debtor will need to make additional payments, beyond those contemplated by the confirmed plan, in order to resolve the matter. This runs contrary to the letter and spirit of § 362(a)(6).

In some cases, courts have found that the stay was not violated where creditors included disclaimers in mailings to debtors explicitly stating that the request for payment does not apply to individuals protected by the automatic stay. For example, in <u>Schatz v. Chase Home Fin. (In re Schatz)</u>, 452 B.R. 544 (Bankr. M.D. Pa. 2011), the court held that the creditor did not violate the stay where the statement in question did not indicate that the amount owed was past due nor did it demand immediate payment. <u>Id.</u> at 550. In so holding, however, the court specifically emphasized the language of a disclaimer included in the letter that alerted the debtor that if he or she was protected by the automatic stay, then the "statement is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation." <u>Id.</u> Such a disclaimer was not included in the statements at issue in this case, and the court makes no finding as to whether the presence of a such a disclaimer would change its holding.

**Conclusion**

Based on the foregoing, the debtor's motion for summary judgment is GRANTED IN PART only as to the issue of liability. A separate hearing shall be heard regarding the issue of damages. Reparto Saman's motion for summary judgment is DENIED.

8

In San Juan, Puerto Rico, this 25th day of October, 2012.

Edward A. Godoy
U.S. Bankruptcy Judge